**UNITED STATES of America, Plaintiff,**

v.

**Stanley Eugene TRENT, Defendant.**

**Crim. No. 88–242–FR.**

United States District Court,
D. Oregon.

Aug. 3, 1989.

Charles H. Turner, U.S. Atty., Michael J. Brown, Asst. U.S. Atty., Portland, Or., for plaintiff.

Brian P. Conry, Portland, Or., for defendant.

OPINION

FRYE, District Judge:

The matter before the court is the motion (# 163) of defendant, Stanley Eugene Trent, to dismiss this case due to selective prosecution. Trent argues that the government has selected him for prosecution on the grounds of his race and his association with suspected gang members, and that these reasons are impermissible reasons for prosecuting him. Trent also argues that because he is black and thought to be an associate of a gang, he is being prosecuted in federal court where the penalties are more severe than the penalties in state court.

As to the issue of gang association, the government contends that individuals such as Trent are not being prosecuted because of their membership or involvement with a gang, but because of their participation in a drug enterprise run by a gang. The government argues that the use of criteria such as an individual's status as a member of a gang involved in a drug enterprise or a member of another organized crime group is reasonable and does not offend the safeguards of the United States Constitution.

In *United States v. Sacco,* 428 F.2d 264, 271 (9th Cir.1970), the Ninth Circuit stated:

The conscious exercise of selectivity in enforcement is not in itself a constitutional violation where it is not further alleged that "the selection was deliberately based upon an unjustifiable standard such as race, religion or other arbi-

trary classification." *Oyler v. Boles*, 1962, 368 U.S. 448, 456, 82 S.Ct. 501, [505] 7 L.Ed.2d 446. Here, selection of this defendant for intensive investigation was based on his suspected role in organized crime.... It cannot be said that that standard for selection is not rationally related to the purposes of the various criminal laws for violation of which Rosselli was being investigated, including the alien registration laws.

Trent has submitted no authorities in support of his position that association with gang members is an impermissible basis for prosecution. The court finds that the decision to prosecute may be made on the basis of gang membership or association, unless the gang association is used as a pretext for an impermissible basis for prosecution such as race.

As to the claim that Trent is being prosecuted on the basis of his race, it is well established that the decision to prosecute a given individual may not be deliberately based upon an arbitrary classification such as race or religion. *United States v. Lee*, 786 F.2d 951 (9th Cir.1986). A defendant who alleges selective prosecution must demonstrate that the prosecution in his case was discriminatory. *United States v. Brown*, 859 F.2d 974, 977 (D.C.Cir.1988). The courts have generally recognized a strong presumption that the prosecutor's discretion has been lawfully exercised. *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1366 (9th Cir.1987).

Trent has submitted a variety of evidence in support of his claim that he is being prosecuted on the basis of his race. First, Trent submits facts and statistics showing that blacks form a small percentage of the population of the State of Oregon and that there are few blacks in state, federal or local government, in the Oregon State Bar Association, and in the Portland Police Bureau. Trent also submits statistics indicating that the drug problem in the State of Oregon is not limited to the black race or to the Portland area.

Second, Trent submits materials which indicate that officials in the City of Portland and in the state and federal govern-

ment have focused on gangs as a priority of law enforcement. These materials make reference to predominantly black gangs, such as the "Bloods" and "Crips," as well as to Asian and other gangs.

Finally, Trent submits affidavits from his investigator, Donald Geistlinger, which indicate:

1) Geistlinger has worked on a number of juvenile cases deemed to be "gang related," and all of the approximately 160 persons involved in these cases have been of the black race;

2) Geistlinger spoke to a juvenile court counselor, Larry Harding, who is knowledgeable about gangs. Harding told Geistlinger that Asian gangs are dealing "crack cocaine," but that to Harding's knowledge there is no policy to target Asian gangs for prosecution in federal courts. Harding also told Geistlinger that white motorcycle gangs, who are involved in the methamphetamine trade, are not targeted for prosecution in federal courts;

3) Geistlinger spoke to Officer Gray of the Portland Police Bureau, who indicated that there have been a couple of dozen white persons arrested for crack cocaine. The affidavit does not indicate the disposition of these cases or whether they were prosecuted in state or federal court; and

4) Geistlinger describes three cases being prosecuted in state court which concern amounts of crack cocaine greater than ten grams. In two of the three cases, the defendants are alleged to be black gang members or associates.

■ Trent asks the court to infer from this material that only blacks are selected for prosecution in federal court while whites arrested for crack cocaine are prosecuted in state court. However, the evidence submitted by Trent does not support this contention. Trent admits that at least two white gang associates have been charged with crack cocaine offenses in federal court, but argues that these are mere exceptions to the general practice. The affidavits of Geistlinger indicate that black defendants are being prosecuted in state as well as federal court. The affidavits indi-

cate that at least two dozen whites have been arrested on crack cocaine charges, but do not indicate whether these defendants were prosecuted in state or federal court.

Trent contends that this court should apply strict scrutiny based on the general materials which show the underrepresentation of blacks in state and local government. However, strict scrutiny is appropriate only when there has been a prima facie showing of a classification based on race, whether facial or pretextual. In this case, there is no overt racial classification. Trent is being prosecuted under a statute that does not distinguish between the races.

Although Trent hints that the government's emphasis on prosecution of gang members is a pretext for racial discrimination, Trent has produced no evidence from which this may be inferred. The materials referring to the drug and gang enforcement efforts refer to Asian and other gangs as well as predominantly black gangs. Trent's own materials indicate that white persons as well as blacks are arrested for crack cocaine offenses, and that some black defendants are tried in state court. These facts are consistent with the government's position that federal prosecution is based on an analysis of the factors such as the amount of crack present and the use of weapons in each case.

The court finds that Trent has not established that he is being prosecuted because of his race. Accordingly, Trent's motion (# 163) to dismiss on the grounds of selective prosecution is denied.