918 F.2d 225
 287 U.S.App.D.C. 19
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Carol Y. YATES, Appellant.
 No. 89-3185.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 20, 1990.
 
 Before HARRY T. EDWARDS, BUCKLEY and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and the arguments by counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the attached memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the conviction and sentence of Carol Y. Yates be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 The appellant, Carol Y. Yates, was approached by a police officer after she disembarked from a bus arriving from New York City. The officer displayed his identification, asked Yates if she would speak with him, and, after she denied that she was carrying drugs, asked if he could search her bag. In the two-minute encounter between Yates and the officer, the officer took only a moment to examine her ticket, and he never displayed a weapon or handcuffs; Yates never attempted to leave during this encounter. After Yates consented to a search of her bag, the officer uncovered a substantial cache of crack cocaine. Yates pleaded guilty to one count of possession with intent to distribute in excess of fifty grams of cocaine in violation of 21 U.S.C. 841(a) and (b)(1)(A)(iii), and was sentenced to 151 months incarceration. This was the minimum sentence prescribed by the applicable Federal Sentencing Guideline, 2D1.1.
 
 
 5
 The District Court properly denied Yates' motion to suppress the cocaine. Under the well-established case law of this Circuit, the officer's approach of and conversation with Yates were fully lawful. See, e.g., United States v. Smith, 901 F.2d 1116, 1118 (D.C.Cir.) ("an encounter between a police officer and a citizen, involving no more than approach, questioning, and official identification, does not constitute a seizure and does not require probable cause, articulable suspicion, or any other " 'kind of objective justification' " ") (quoting United States v. Maragh, 894 F.2d 415, 418 (D.C.Cir.), cert. denied, 111 S.Ct. 214 (1990), and Florida v. Royer, 460 U.S. 491, 497 (1983)), cert. denied, 111 S.Ct. 172 (199). Yates freely consented to the search of her bag, and so we cannot say that Yates was subjected to an unconstitutional search or seizure. See United States v. Winston, 892 F.2d 112, 117 (D.C.Cir.1989), cert. denied, 111 S.Ct. 91 (1990); see also United States v. Joseph, 892 F.2d 118, 122 (D.C.Cir.1989), United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989).
 
 
 6
 Furthermore, we reject Yates' claim that the Federal Sentencing Guidelines offend the Eighth Amendment's prohibition of cruel and unusual punishment because the Guidelines fail to consider drug addiction as a mitigating factor. Pre-Guideline cases from this jurisdiction clearly establish that, as a general matter, Congress has broad authority to legislate minimum sentences. See United States v. Brown, 859 F.2d 974, 977 (D.C.Cir.1988) (" '[r]eviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes' ") (quoting Solem v. Helm, 463 U.S. 277, 290 (1983)); see also Rummel v. Estelle, 445 U.S. 263, 274 & n. 11 (1980) ("the length of the sentence actually imposed is purely a matter of legislative prerogative"). This same principle holds true with respect to the Sentencing Guidelines.
 
 
 7
 Specifically, Congress can punish addicts without regard to their addict status. "[T]he Eighth Amendment does not bar criminal punishment of narcotics addicts ... even though they may have [committed crimes] to obtain the funds to feed their habit." United States v. Fersner, 465 F.2d 605, 608 n. 5 (D.C.Cir.1972). See also Terrebonne v. Butler, 848 F.2d 500, 505 n. 12 (5th Cir.1988) (en banc), cert. denied, 489 U.S. 1020 (1989). These and other cases make it clear that mitigation for addiction is strictly a matter of legislative policy. Thus, we have no basis to find cruel and unusual punishment in a congressional enactment rejecting drug addiction as a mitigating factor in sentencing.
 
 
 8
 We also find no substantive Due Process violation in the District Court's failure to consider Yates' addiction as a mitigating factor. The policy decision reflected in the Guidelines bears a "reasonable relation to a proper legislative purpose, and [is] neither arbitrary nor discriminatory." Nebbia v. New York, 291 U.S. 502, 537 (1934). Congress' decision not to mitigate sentences on the basis of an offender's addict status is reasonable. See United States v. Moore, 486 F.2d 1139, 1158 (D.C.Cir.) (en banc) (plurality opinion) (rejecting the assertion that "punishment of addict possessors is neither a reasonable nor a necessary means to achieve [the] goal" of reconciling the need to eliminate drug traffic with the need to rehabilitate addicts), cert. denied, 414 U.S. 980 (1973). Indeed, Congress' refusal to mitigate sentences in light of addiction is as reasonable as Congress' refusal to allow a defense of addiction. See Fersner, 465 F.2d at 608 n. 5 ("society's interest in self-preservation permits delimitation of defenses on grounds of policy, that can not be justified in terms of strict logic").