948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Edmund C. JACKSON, Appellant.
 No. 90-3164.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 26, 1991.
 
 Before MIKVA, Chief Judge, and HENDERSON and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 On March 3, 1990, a plainclothes police officer approached Edmund C. Jackson who had just disembarked from a train in Union Station. After asking Jackson some questions, the officer requested permission to search Jackson's bag and person. Jackson consented. The officer found a "pancake" of cocaine, weighing 143.9 grams, tucked into Jackson's pants. Jackson was arrested. After a jury trial, he was convicted of one count of possession of more than fifty grams of cocaine base with intent to distribute. 21 U.S.C. § 841(a). We affirm.
 
 
 5
 Jackson has two primary arguments. First, he contends that the judge should have granted his request for an instruction on the lesser-included offense of mere possession. 21 U.S.C. § 844(a). Ordinarily, defendants like Jackson would have had nothing to gain from such an instruction. Because Jackson possessed crack cocaine, simple possession and possession with intent to distribute carried the same sentence. U.S.S.G. § 2D2.1(b). Apparently in light of § 2D2.1, Jackson requested a "misdemeanor" instruction. But the only possible misdemeanor possession of crack cocaine would be possession of less than five grams. U.S.S.G. § 2D2.1(a)(1); see also 21 U.S.C. § 841(b)(1)(B)(iii). Jackson had considerably more than that, 138.9 grams more to be precise. He either possessed the entire "pancake," or he possessed nothing. There being no reasonable basis on which a jury could have found possession of some lesser amount, the trial court properly refused to give a misdemeanor instruction. See United States v. Gibbs, 904 F.2d 52, 58 (D.C.Cir.1990).
 
 
 6
 At argument, Jackson's counsel explained that what he was really disputing at trial was the kind of cocaine, not the amount. Simple possession of "regular" cocaine, as opposed to "crack" cocaine, is a misdemeanor, regardless of amount. 21 U.S.C. § 844(a); U.S.S.G. § 2D2.2(a)(2). Thus, he now claims that he asked for an instruction that differed in two ways from the one given--simple possession rather than possession with intent to distribute, and "regular" instead of crack cocaine. We do not consider this argument. It was not made to the district court and was raised here for the first time at oral argument. See Rule 28(a)(4), Fed.R.App.P.
 
 
 7
 Jackson also challenges his sentence. He argues that the sentencing judge erred in finding that he possessed cocaine base, or crack as it is commonly called, rather than regular cocaine. Jackson's "pancake" of cocaine was damp and only 42 percent pure, whereas cocaine base is usually rocklike and 80-90 percent pure. Jackson described the substance to the police officers as "battle," a term new to them. On this basis, Jackson thinks his cocaine was "exotic" and different enough from cocaine base that he should be sentenced as if he possessed regular cocaine.
 
 
 8
 In United States v. Brown, 859 F.2d 974, 975-76 (D.C.Cir.1988), we held that the statutory term "base" incorporates the "nomenclature of organic chemistry"; that is, cocaine base is cocaine with the hydroxyl radical (OH-), as opposed to the salt (acidic) forms of cocaine. In this case, the government's expert witness, Norman Mausolf, testified that he had no doubt that the substance was "cocaine in its base form." He explained that the wetness could be due to incomplete cooking of the cocaine base, and that cocaine base could have purity levels as low as 42 percent. The prosecution never asked Mr. Mausolf to elaborate on what specifically led him to conclude the substance was a base rather than an acid. The chemist's report, introduced at trial, merely identified the substance as "cocaine base" without further elaboration. (This report, although part of the record below, was returned to the government and was not included in the record on appeal. It was submitted to this court only at our request. While physical objects used as exhibits at trial should be returned to their owners, there is no reason to treat documents such as a chemist's report in this fashion. Such documentary evidence may facilitate appellate review and should be made part of the appellate record.) Although the government's witness did not say (and was not asked) if the substance constituted cocaine with the hydroxyl radical, the sentencing judge was entitled to believe that he was using the term "base" according to its meaning in organic chemistry. The witness was qualified as an expert in forensic chemistry, he testified in great detail about how cocaine base is manufactured, he performed scientific tests on the substance in this case to determine that it was cocaine base, and he explained that it was not the other type of cocaine, which "has been reacted with hydrochloric acid." Jackson offered nothing to contradict the expert's testimony. The sentencing judge's finding, resting on the expert's testimony and the report, was not clearly erroneous. 18 U.S.C. § 3742.
 
 
 9
 Jackson also argues that the term "cocaine base" is so vague that it violates the due process clause of the Fifth Amendment. We rejected that argument in Brown, 859 F.2d at 975-76, and will not reconsider it here.
 
 
 10
 We have considered Jackson's other arguments and found them to be without merit.
 
 
 11
 Affirmed.