UNITED STATES of America, Appellee,

v.

Robert Edward WHEELER, Appellant.

No. 92–1024.

United States Court of Appeals,
Eighth Circuit.

Submitted June 9, 1992.

Decided Aug. 13, 1992.

---

Jack T. Lassiter, Little Rock, Ark., argued, for appellant.

Lesa Bridges Jackson, Asst. U.S. Atty., Little Rock, Ark., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Robert Edward Wheeler appeals his twenty-seven month sentence imposed by the district court[1] following his guilty plea to distribution of cocaine in violation of 21 U.S.C. § 841(a). For reversal, Wheeler argues that the term "cocaine base" as used in Sentencing Guidelines § 2D1.1 is unconstitutionally vague. We affirm.

Wheeler was charged with three counts of distribution of cocaine base and two counts of distribution of cocaine. Pursuant to an agreement, he pleaded guilty to one count of distribution of cocaine and the other counts were dismissed.

In the presentence report, the probation officer recommended inclusion of the drugs that were subject to the dismissed counts of the indictment, including 6.388 grams of crack cocaine and 78.542 grams of cocaine. The Drug Equivalency Tables of section 2D1.1 provided "1 gm of Cocaine Base ("Crack") = 100 gm of cocaine."[2] Using this "100 to 1" ratio, the officer calculated the total amount of drugs to be 717.342 grams of cocaine, which resulted in a base offense level of 26. The officer also recom-

mended a two point reduction for acceptance of responsibility. Because Wheeler had a criminal history category of I, the guideline range was 51 to 63 months.

Wheeler filed objections to the report, contending that the base offense level should have been 16 based on 84.93 grams of cocaine. He contended that the "100 to 1" ratio of section 2D1.1 was void for vagueness because the term "cocaine base" had been subject to conflicting judicial definitions, citing *United States v. Brown*, 859 F.2d 974, 975–76 (D.C.Cir.1988) (per curiam) (cocaine base is "any form of cocaine with the hydroxyl radical"), and *United States v. Shaw*, 936 F.2d 412, 415 ("crack generally refers to very pure cocaine intended for smoking rather than inhalation") (9th Cir.1991) (quotation omitted).

In the alternative, Wheeler argued that in *United States v. Buckner*, 894 F.2d 975 (8th Cir.1990), this court had adopted the *Brown* definition of cocaine base and that the drugs at issue were not cocaine base because they did not contain the hydroxyl radical. In *Buckner*, this court rejected a substantive due process and eighth amendment challenge to the "100 to 1" ratio of section 2D1.1. "After noting that this ratio was mandated by Congress in 21 U.S.C. § 841(b), we reviewed the 1986 legislative history in detail." *United States v. Willis*, 967 F.2d 1220, 1225 (8th Cir.1992). Among other things, "[w]e concluded that Congress had a reasonable basis, in terms of protecting society, for imposing more severe penalties for crimes involving crack cocaine 'because of crack's potency, its highly addictive nature, its affordability, and its increasing prevalence.'" 967 F.2d at 1225 (quoting *Buckner*, 894 F.2d at 978).[3] In a footnote in *Buckner*, this court

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. Effective November 1, 1991, section 2D1.1 was amended to "referenc[e] the conversions to one substance (marijuana), rather than to four substances; the use of one referent rather than four makes no substantive change but will make the required computations easier and reduce the likelihood of computational error." Commentary to section 2D1.1. Under the revised guide-

line, the "100 to 1" ratio is retained; one gram of cocaine is the equivalent of 200 grams of marijuana, and one gram of cocaine base is the equivalent of 20 kilograms of marijuana.

3. In *Willis*, this court rejected an equal protection challenge to Guidelines § 2D1.1, noting this court had previously rejected such challenges. 967 F.2d at 1225 (citing, *e.g., United States v. Johnson*, 944 F.2d 396, 404 n. 7 (8th Cir.), cert. denied, — U.S. —, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991).

stated that "[c]ocaine base or 'crack' 'is any form of cocaine with [a] hydroxyl radical' in the chemical compound." 894 F.2d at 976 n. 1 (quoting *United States v. Brown*, 859 F.2d at 975–76). We went on to state that "[i]n lay terms, 'crack' is a form of cocaine that can be inhaled, goes rapidly to the brain, and for which very small dosage units are sufficient for initial uses." *Id.*

At the sentencing hearing, Wheeler presented the testimony of Gene Bangs, a chemist with the Arkansas State Crime Laboratory. Bang testified that he had examined the drugs in Wheeler's case, including twelve rock-like substances. Bangs defined cocaine base as an "organic base, containing a nitrogen-type group giving it a base characteristic that will react with an acid to form a salt." He believed that cocaine base was not characterized by the presence of a hydroxyl radical and that under "the hydroxyl definition" the rock-like substances would not be cocaine base. However, on cross-examination, he testified he had "no doubt" in his mind that the rock-like substances were cocaine base and not cocaine. He explained that cocaine base was different from cocaine, because cocaine base could be smoked, whereas cocaine could not be smoked efficiently. He further explained that cocaine base vaporized on heating and was practically insoluble in water, but that cocaine broke down on heating and was freely soluble in water. In response to a question from the court, Banks stated that the twelve rock-like substances were capable of being smoked.

At the conclusion of the hearing, the district court stated that it had read *Buckner* and did not believe that this court had held that the presence of a hydroxyl radical was the exclusive definition of cocaine base, noting that in the footnote this court also had referred to the lay definition of crack. The district court held that section 2D1.1 was not vague and that under the guidelines cocaine base should be defined as a cocaine-containing substance that was prepared in a form that could be smoked. After granting the government's motion for downward departure for substantial assistance under Guidelines § 5K1.1, the court sentenced Wheeler to twenty-seven months imprisonment.

■ On appeal Wheeler renews his argument that section 2D1.1 is unconstitutionally vague on its face. He concedes that this court has rejected a void-for-vagueness challenge to 21 U.S.C. § 841(b), *see United States v. House*, 939 F.2d 659, 664 (8th Cir.1991) (§ 841(b) not unconstitutionally vague "despite the lack of an exacting definition of cocaine base in the statue, [because] the term provides adequate notice to individuals and sufficiently limits governmental discretion"), but asserts that this court has never addressed his argument that the guideline is unconstitutionally vague because the term "cocaine base" has been subject to conflicting judicial definitions. We note that "[j]ust because other courts of appeals differ in their definitions of a term does not mean that the term is void for vagueness[,]" *United States v. Jackson*, 968 F.2d 158, 163 (2d Cir.1992), and we find no merit in this argument. "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Wheeler does not dispute that Bangs testified that the twelve rock-like substances were cocaine base and not cocaine and that he could differentiate between the two drugs. Therefore, section 2D1.1 is not void for vagueness as applied to Wheeler. *See Jackson*, 968 F.2d at 163; *United States v. Turner*, 928 F.2d 956, 960 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991); *Brown*, 859 F.2d at 976.[4]

---

4. We are aware that this court has recently rejected a facial vagueness challenge to a criminal statute. Relying on *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), in *United States v. Posters 'N' Things Ltd*, 969 F.2d 652 (8th Cir.1992), this court held that 21 U.S.C. § 857, which prohibits the sale of drug paraphernalia, is not unconstitutionally vague on its face or as applied. In *Village of Hoffman Estates* the Supreme Court rejected a facial vagueness challenge to a city ordinance that regulated drug paraphernalia,

■ Although Wheeler does not dispute that Bangs testified that the substances were cocaine base, he contends that the substances should not be classified as cocaine base. He argues that in *Buckner* this court held that the presence of a hydroxyl radical was determinative of whether a substance was cocaine base. We disagree.

In *United States v. Shaw*, 936 F.2d at 414–416, the Ninth Circuit has rejected an almost identical argument. In *Shaw*, the Ninth Circuit held that a district court had erred in defining cocaine base as cocaine that contained a hydroxyl ion. The lower court had relied on *United States v. Van Hawkins*, 899 F.2d 852, 854 (9th Cir.1990), wherein the Ninth Circuit in a footnote had stated that cocaine base was cocaine that contained an active hydroxyl ion.[5] The Ninth Circuit stated that *Van Hawkins* "simply" held that 21 U.S.C. § 841(b) was not unconstitutionally vague and did "not answer the question of what the correct definition of cocaine base [wa]s as a matter of statutory interpretation." *Id.* 939 F.2d at 415.

In *Shaw*, the court began its analysis by stating that 21 U.S.C. § 841(b) and Guidelines § 2D1.1 are to be construed "consistent with each other in their use of the term 'cocaine base.' " *Id.* The court found that the legislative history of section 841(b) was consistent with the commentary to section 2D1.1, which equated cocaine base to crack. The court noted the statements of the sponsors of section 841(b) "indicate[d] concern primarily with the crack epidemic, and ... describe[d] crack as cocaine that is smoked rather than snorted." *Id.* at 416.

We agree with the Ninth Circuit's conclusion in *Shaw* that "Congress and the [Sentencing] Commission must have intended the term 'cocaine base' to include 'crack,' or 'rock cocaine,' which we understand to mean cocaine that can be smoked...." *Id.* Because it is undisputed in this case that the twelve rock-like substances could be smoked, we "need not here attempt to adopt a precise chemical definition of cocaine base." *United States v. Turner*, 928 F.2d at 960. "There can be no doubt that whatever else [section 2D1.1] encompasses, it certainly includes" crack cocaine.[6] *United States v. Brown*, 859 F.2d at 976.

because the ordinance was "sufficiently clear as applied." 455 U.S. at 500, 102 S.Ct. at 1194. We note that in *Village of Hoffman Estates,* the Supreme Court stated that "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.* at 495, 102 S.Ct. at 1191.

5. Although courts have "use[d] the terms 'hydroxyl radical' and "hydroxyl ion' interchangeably[,]" *Shaw*, 936 F.2d at 415 n. 1, at the sentencing hearing Bangs testified that the terms were "not precisely" interchangeable, explaining that there was a difference of one electron.

6. Our reliance on *Shaw* in this case does not mean we would reject a scientific definition of cocaine base in another case. As the First Circuit has recently observed, "[j]udges have much to learn about various drug forms and their new technologies, which are most certainly developing everyday [,] ... [and] are forced to rely on the expert testimony of chemists who specialize in drug analysis in order to determine the identity of a substance." *United States v. Lopez–Gil*, 965 F.2d 1124, 1134 (1st Cir.1992 (on rehearing). In *Lopez–Gil*, the court held that a substance could be cocaine base, even though a chemist had testified it was not crack. The court stated

that while it "continue[d] to believe that Congress indeed was concerned primarily with the crack epidemic in enacting the legislation, ... it d[id] not necessarily follow that the term 'cocaine base' includes *only* crack cocaine." *Id.* at 1134.

We also note the recent case of *United States v. Jackson*, 968 F.2d 158 (2d Cir.1992), in which the Second Circuit held that a "soft, sticky, oily, and brownish" substance was cocaine base, although it was not crack. The court faulted *Shaw* for relying on the lay definition of cocaine base. The Second Circuit believed that "Congress selected a chemical term [cocaine base], a term whose meaning is undisputed in the scientific community." at 163. In *Jackson*, the court relied on expert testimony defining cocaine base as " 'a substance which when combined with an acid produces a salt.' " *Id.* at 161. The court also noted the expert had testified that " 'just about any chemical laboratory would be able to distinguish the difference between cocaine base and cocaine salt or their forms[,]' " based on their different melting points, different solubility levels, and different molecular weights. *Id.* We note that Bangs' testimony was very similar, and under this scientific definition the rock-like substances at issue in Wheeler's case would be cocaine base.

As indicated, the judgment of the district court is affirmed.