991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Douglas L. DOBYNES, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 92-3648.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 15, 1993.
Filed: April 19, 1993.
 
 Before McMILLIAN, WOLLMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas L. Dobynes, a federal prisoner, appeals from an order of the district court[1] denying Dobynes's "application for writ of error coram nobis." We affirm.
 
 
 2
 The government charged Dobynes and two others with possessing in excess of five grams of "crack" or cocaine base with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The government also charged Dobynes with carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dobynes was convicted on all three counts following a jury trial. The district court[2] sentenced him to a total of one hundred thirty-one months imprisonment. We affirmed Dobynes's conviction and sentence. United States v. Dobynes, 905 F.2d 1192 (8th Cir.), cert. denied, 111 S. Ct. 206 (1990).
 
 
 3
 Dobynes later filed this pro se "Application for Writ of Error Coram Nobis," arguing that there was no difference between "crack" cocaine base and cocaine hydrochloride. He also argued in his traverse that the government had failed to prove the substance he possessed was cocaine base. The district court apparently treated the application as a motion under 28 U.S.C. § 2255, see Zabel v. United States Attorney, 829 F.2d 15, 17 (8th Cir. 1987) (per curiam) (district court properly treated writ of error coram nobis as section 2255 motion), and denied it.
 
 
 4
 On appeal, Dobynes argues that section 841(a) is vague and ambiguous because neither Congress nor the Sentencing Commission has defined "cocaine base," and because federal courts have enforced the section arbitrarily by adopting varied definitions of cocaine base. His argument is unavailing. See United States v. House, 939 F.2d 659, 664 (8th Cir. 1991); see also United States v. Wheeler, 972 F.2d 927, 929 (8th Cir. 1992); United States v. Buckner, 894 F.2d 975, 978, 980-81 (8th Cir. 1990).
 
 
 5
 Dobynes reasserts his argument that the government never proved by chemical analysis that the substance he possessed was cocaine base. We have refused to adopt a precise chemical definition of cocaine base. See Wheeler, 972 F.2d at 930 (rock-like substance that could be smoked properly treated as cocaine base). Here, a police officer testified that the substance in question was in rock-like form, and a forensic chemist testified that the substance had tested as cocaine base, which could be smoked. We think there was sufficient evidence to allow the jury to conclude that the substance Dobynes possessed was cocaine base. See United States v. Williams, 982 F.2d 1209, 1211-12 (8th Cir. 1992). Moreover, the trial testimony was sufficient to allow the court to conclude at sentencing that the substance was cocaine base. United States v. Roberts, 953 F.2d 351, 354 (8th Cir.) (district court entitled to rely on evidence presented at trial when sentencing defendant), cert. denied, 112 S. Ct. 3008 (1992).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The HONORABLE WILLIAM L. HUNGATE, United States District Judge for the Eastern District of Missouri, now retired