995 F.2d 306
 301 U.S.App.D.C. 406
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES
v.
Dennis MICHAEL, Appellant.
 No. 92-3108.
 United States Court of Appeals, District of Columbia Circuit.
 May 20, 1993.
 
 Before: SILBERMAN, BUCKLEY and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments of counsel. After full review of the case, the court is satisfied that an appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the district court is affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Dennis Michael was indicted for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a), and was convicted by a jury for the lesser included offense of possession of cocaine base in violation of 21 U.S.C. § 844(a). He appeals on a number of separate grounds.
 
 
 5
 Appellant argues first that the trial court should have granted his motion to suppress the seized cocaine base because it was obtained in the course of an unlawful search and seizure. We are satisfied, however, that the judge did not err in crediting the testimony of the police officers at the scene of the search that the search was consensual and that the officer who conducted the search reasonably believed the "lump" he felt in appellant's sock could have been a weapon.
 
 
 6
 Michael next challenges the trial judge's instructions to the jury that possession of more than 5 grams of cocaine base under 21 U.S.C. § 844(a) is a lesser included offense of possession with intent to distribute cocaine base under 21 U.S.C. § 841(a). He argues that simple possession is not a "lesser" offense because it carries the same statutory minimum sentence as possession with intent to distribute, and is not an "included" offense because proof that the substance is cocaine base is an "element required for conviction" under § 844(a) but not § 841(a).
 
 
 7
 We have recently, however, rejected the first argument--that to be "lesser" an offense must carry a lower penalty than the "greater" offense of the indictment. See United States v. Harley, No. 91-3067, slip op. at 7-8 (D.C.Cir. April 20, 1993). As to the proposition that proof that the substance possessed is cocaine base is an element of the offense under § 844(a), it is clear from that section's language that the offense at which that section is directed is possession of a controlled substance, and that proof that the substance is cocaine base is not an element of a § 844(a) offense but goes only to the issue of punishment. Insofar as appellant argues that inclusion of a lesser-included offense charge is error where there is insufficient proof of the greater offense for the case to go to the jury, the claim is mooted by our conclusion below that the evidence of possession with intent to distribute was sufficient.
 
 
 8
 Michael's third argument is that the trial court should have granted his motion for acquittal based on insufficient evidence to sustain a conviction for the charged offense of possession with intent to distribute. He argues that the government presented no evidence that he intended to distribute the cocaine base other than the quantity of drugs possessed and that quantity alone is insufficient as a matter of law to prove intent to distribute. We have, in fact, held that intent to distribute may be inferred from possession of a quantity of drugs larger than is needed for personal use. United States v. Raper, 676 F.2d 841, 845 (D.C.Cir.1982). Here the quantity was such that it could have been repackaged for a retail value of about $3,300, in 165 $20 "hits". An expert whom the jury was free to credit testified that the quantity was inconsistent with personal use and consistent with future distribution.
 
 
 9
 Appellant next argues that the government did not produce sufficient evidence to prove that the substance he possessed was cocaine base because it did not show that the substance contained a "hydroxyl radical" as allegedly required by the law of this circuit. In making this argument appellant relies on one phrase from United States v. Brown, 859 F.2d 974 (D.C.Cir.1988): " 'Cocaine base' therefore is any form of cocaine with the hydroxyl radical." We affirm the district court's rejection of this argument for substantially the reasons stated by the district court. United States v. Michael, 788 F.Supp. 1, 3-4 (D.D.C.1992).
 
 
 10
 While Brown does not establish a conclusive definition of cocaine base for this circuit, it does establish as the law of this circuit that the term "cocaine base" is not unconstitutionally vague, a holding reinforced in United States v. Cyrus, 890 F.2d 1245, 1248 (D.C.Cir.1989). Whether or not the terms "cocaine base" and "crack" are not necessarily identical and cannot always be used synonymously, as appellant alleges, he offered nothing to contradict or challenge the testimony of a government chemist that she had "positively identifie[d] the drug as being cocaine base" through the performance of scientific tests. Trial Transcript, 1/8/92 at 50-52. Appellant did not even attempt to argue that the substance he possessed was not cocaine base. The trial judge therefore properly concluded that the term "cocaine base" is not constitutionally vague and that the government proved the substance appellant possessed was cocaine base.
 
 
 11
 Michael's final arguments are addressed to the United States Sentencing Guideline for felony cocaine base possession, USSG § 2D2.1(b)(1). He first asserts that this Guideline is unconstitutional because it sets the same base offense level for possession of more than 5 grams of cocaine base as for possession with intent to distribute cocaine base. Section 2D2.1(b)(1) states that if a defendant is convicted of possession of more than 5 grams of a substance containing cocaine base, the judge should then apply § 2D1.1 as if the defendant had been convicted of possession with intent to distribute. Thus the Guidelines treat simple possession of more than 5 grams of cocaine base identically to possession with intent to distribute cocaine base.
 
 
 12
 Contrary to appellant's assertion, however, this is not an "unconstitutional irrebuttable presumption" but merely an effectuation of the Congressional mandate. 21 U.S.C. § 844(a) establishes a mandatory minimum penalty of five years for simple possession of more than 5 grams of cocaine base, and 21 U.S.C. § 841(b)(1)(B) establishes an identical minimum penalty for possession with intent to distribute 5 or more grams of cocaine base. The cross reference to § 2D1.1 simply gives effect to the almost identical Congressional treatment of the two offenses.
 
 
 13
 Appellant also argues that even if § 2D2.1 is constitutional, the trial court erroneously applied this Guideline by failing to depart downward to take into account the lesser "impact[ ] on society" of simple possession as opposed to possession with intent to distribute. It is well established that "[t]his Court may review a refusal to depart downward from a range prescribed by the Guidelines only if the district court imposes a sentence in violation of law or incorrectly applies the Guidelines." United States v. Lopez, 938 F.2d 1293, 1296 (D.C.Cir.1991). Under USSG § 5K2.0, a sentencing court may impose a sentence outside the applicable range only if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." (citing 18 U.S.C. § 3553(b)). The trial judge correctly recognized in sentencing Michael that the Guidelines treat simple possession of more than 5 grams and possession with intent to distribute equally not because the Commission failed to adequately consider the distinctions between the two offenses, but rather because the Congress treated them equally (at least with respect to minimum penalty) in the statutes. Thus the judge properly found that "the guidelines do not allow me to depart based upon the factors as presented by the defendant," despite the different types of harm that can be caused by simple possession and possession with intent to distribute. Sentencing Hearing Transcript, 4/2/92 at 12-13 (emphasis added).
 
 
 14
 For the reasons stated, we affirm the judgment of the district court.