UNITED STATES of America

v.

Gregory Errington GAULTEAU,
Appellant.

No. 92–3229.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 21, 1993.

A.J. Kramer, Federal Public Defender,
and Michael C. Wallace, Sr., Asst. Federal
Public Defender, Washington, DC, were on
the brief, for appellant.

J. Ramsey Johnson, U.S. Atty., and John
R. Fisher, Roy W. McLeese, III, and Odessa
P. Jackson, Asst. U.S. Attys., Washington,
DC, were on the brief, for appellee.

Before: EDWARDS, SILBERMAN and
SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Appellant Gregory Gaulteau appeals from
a judgment of conviction for possession with
intent to distribute 5 grams or more of a
substance containing cocaine base, in viola-
tion of 21 U.S.C. §§ 841(a)(1) and
(b)(1)(B)(iii), arguing that the government
presented insufficient evidence of intent to
distribute, and insufficient evidence that the
substance in question was cocaine base.
Finding no error, we affirm.

On appeal from a denial of a motion for
judgment of acquittal on the ground of insuf-
ficient evidence, we "view the evidence in the
light most favorable to the government, al-
lowing the government the benefit of all rea-
sonable inferences that may be drawn from
the evidence," and affirm "if *any* rational
trier of fact could have found the essential
elements of the crime beyond a reasonable
doubt." *United States v. Thorne*, 997 F.2d
1504, (D.C.Cir.1993) (emphasis in original;
internal quotations and citations omitted).

Here the evidence of intent to distribute,
which included the quantity of the drugs
seized, was plainly sufficient. As we have
held, "intent to distribute may be inferred
from possession of ... a quantity of drugs
larger than needed for personal use." *Unit-
ed States v. Staten*, 581 F.2d 878, 886
(D.C.Cir.1978).

The government also presented
sufficient evidence to support a finding that
the substance seized from appellant was co-

caine base. Gaulteau relies on this court's statement in *United States v. Brown*, 859 F.2d 974, 975–76 (D.C.Cir.1988) (per curiam), that "'[c]ocaine base' ... is any form of cocaine with the hydroxyl radical" and on the admission of the DEA chemist testifying in the present case that the hydroxyl radical was not present in the substance she tested. In *Brown*, we rejected a vagueness challenge to 21 U.S.C. § 841(b)(1), holding that the statute was valid because cocaine base is capable of "objective definition by means of chemical analysis." 859 F.2d at 976; *see also United States v. Cyrus*, 890 F.2d 1245, 1248 (D.C.Cir.1989). As one district judge recognized recently, we "clearly did not indicate that [the hydroxyl radical description] was the sole acceptable definition of cocaine base." *United States v. Michael*, 788 F.Supp. 1, 4 (D.D.C.1992), *aff'd mem.*, No. 92–3108, 1993 WL 185713, 1993 U.S.App. LEXIS 12873 (D.C.Cir. May 20, 1993) (per curiam). *Accord, United States v. Wheeler*, 972 F.2d 927, 930 (8th Cir.1992); *United States v. Shaw*, 936 F.2d 412, 416 (9th Cir. 1991).[1] Here, the government presented the testimony of a qualified expert who positively identified the substance tested as cocaine base. That testimony was sufficient to survive the defense motion and support the conviction. *Cf. United States v. Turner*, 928 F.2d 956, 960 n. 1 (10th Cir.) (noting expert testimony that qualified chemist can "easily differentiate" cocaine base from cocaine hydrochloride), *cert. denied*, ─── U.S. ───, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991).

Finally, Gaulteau's argument that 21 U.S.C. § 841(b)(1) is unconstitutionally vague in the absence of an established definition of the term "cocaine base," is without merit. *See Cyrus*, 890 F.2d at 1248 (capability of objective definition of cocaine base defeats vagueness challenge); *see also Shaw*, 936 F.2d at 416 (constitutionality of § 841(b)(1) does not depend on adoption of any particular definition, so long as cocaine base is "objectively distinguishable"). The statute is valid, and the evidence supports the conviction. The district court's judgment is

*Affirmed.*

---

1. We note that the "hydroxyl radical" description has been criticized as "simply incorrect." *See Michael*, 788 F.Supp. at 3; *cf. Wheeler*, 972 F.2d at 929 (reciting expert testimony that cocaine base does not contain hydroxyl radical). We will not revisit the correctness of that description here, in the absence of an appropriate record. We simply hold that *Brown* did not establish the hydroxyl radical as a "legal definition" of cocaine base with which the government must comply in order to prove a violation of section 841(b).