56 F.3d 1532
 312 U.S.App.D.C. 462
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Mark Anthony HILSON, Appellant.
 No. 93-3045.
 United States Court of Appeals, District of Columbia Circuit.
 May 31, 1995.
 
 Before BUCKLEY, WILLIAMS, and RANDOLPH, Circuit Judges.
 
 JUDGMENT
 
 1
 This case came to be heard on appeal from the United States District Court for the District of Columbia and was ably briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Appellant was convicted of possession with intent to distribute more than five grams of cocaine base. On appeal, appellant contends that (1) the evidence was insufficient for the jury to find beyond a reasonable doubt that he intended to distribute the drugs he possessed; and (2) the district court admitted expert testimony that violated Fed.R.Evid. 704(b)'s prohibition on an expert testifying that the defendant had the mental state constituting an element of the charged offense.
 
 
 3
 In evaluating claims of insufficiency of the evidence, we "view the evidence in the light most favorable to the government" and will "affirm if any rational trier of fact could have found the essential elements beyond a reasonable doubt." United States v. Gaulteau, 4 F.3d 1003, 1003 (D.C.Cir.1993) (per curiam) (internal quotation marks and citation omitted). The evidence in this case was sufficient to prove appellant's possession with intent to distribute more than five grams of cocaine base. From the evidence, the jury was entitled to find: (1) appellant possessed a single "golf ball" size rock of crack cocaine weighing 11.81 grams; (2) appellant possessed twenty-three ziplock bags, which according to expert testimony, are the most common form of packaging material used by drug dealers for street level distribution; and (3) the "golf ball" size rock of crack cocaine in appellant's possession had a street value of approximately $600, but if it were broken up into twenty-three pieces of equal size and if each piece were sold separately, the seller would receive approximately $1,580.
 
 
 4
 The district court's admission of the expert's testimony, to which appellant did not object, did not constitute plain error. In response to the question "what would that amount be consistent with," the expert testified "possession with intent to distribute." Appellant argues that such testimony violated Rule 704(b) of the Federal Rules of Evidence, as construed in United States v. Mitchell, 996 F.2d 419, 422 (D.C.Cir.1993). We need not decide this issue. In order to meet the plain error test, the admission had to be error under settled law at the time of trial. See Mitchell, 996 F.2d at 422. Mitchell was decided after trial in this case and thus its standard for expert testimony is not applicable here. Under the settled law at the time of trial, expert testimony concerning the modus operandi typical of individuals involved in the drug trade did not violate Federal Rule of Evidence 704(b)'s prohibition of testimony regarding "whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." See United States v. Williams, 980 F.2d 1463, 1466 (D.C.Cir.1992); United States v. Boney, 977 F.2d 624, 628-29 (D.C.Cir: 1992).
 
 
 5
 Our decision in United States v. Boyd, No. 92-3020 (D.C.Cir. May 30, 1995), does not change our analysis. The defendant in Boyd--unlike Hilson--objected to the expert testimony below. Thus, in Boyd we reviewed the district court's admission of the expert testimony for abuse of discretion instead of for plain error. Furthermore, the government's evidence of the defendant's intent to distribute, absent the expert testimony in question, was substantially weaker than in this case.
 
 For the foregoing reasons, it is
 
 6
 ORDERED and ADJUDGED that the judgment of the district court be affirmed.
 
 
 7
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41.