79 F.3d 169
 316 U.S.App.D.C. 367
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Raymond Lamont TATE, Appellant.
 Nos. 94-3078, 95-3087.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 26, 1996.
Rehearing Denied March 25, 1996.
 
 Before: WILLIAMS, GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and argument of counsel. The court is satisfied that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 In his direct appeal, the appellant claims that the district court erroneously admitted evidence of his prior drug transactions. Even if the district court did err, a question that we need not resolve, the error was surely harmless in light of the overwhelming evidence presented by the prosecution. Moreover, neither the court's failure to give an immediate limiting instruction nor the final jury instruction on this issue satisfies the "plain error" standard. See United States v. Rhodes, 62 F.3d 1449, 1453-54 (D.C.Cir.1995).
 
 
 3
 In his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, the appellant claims that he is entitled to the rule of lenity because the statute under which he was convicted, 21 U.S.C. § 841(b)(1)(B), is ambiguous in its references to "cocaine" and "cocaine base." Whatever the merits of this argument, the alleged ambiguity did not affect the appellant; it is undisputed that the substance the appellant sold contained "cocaine base," for which the Congress clearly prescribed the harsher penalty. See United States v. Brown, 859 F.2d 974, 975-76 (D.C.Cir.1988).
 
 
 4
 Therefore, it is ORDERED and ADJUDGED that the conviction and the denial of the § 2255 motion from which these appeals have been taken be AFFIRMED.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.