**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Daryl VAN HAWKINS,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andre Pierre BROWN,**
**Defendant–Appellant.**

Nos. 88–5338, 89–50037.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1989.

Decided March 27, 1990.

---

Elizabeth A. Barranco, Lakeside, Cal., for defendant-appellant Van Hawkins.

Robert J. Waters, Nasatir & Hirsch, Santa Monica, Cal., for defendant-appellant Brown.

Amalia L. Meza, Asst. U.S. Atty., argued; Amalia L. Meza and Judith S. Feigin, Asst. U.S. Attys. on the briefs; San Diego, Cal., for plaintiff-appellee.

Appeal from the United States District Court for the Southern District of California.

Before TANG, HALL and BRUNETTI, Circuit Judges.

TANG, Circuit Judge:

Andre Brown and Daryl Hawkins appeal their jury convictions of a number of cocaine related offenses. We affirm.

## PROCEEDINGS BELOW

In April 1988, a grand jury returned a superseding indictment charging Brown and Hawkins with conspiracy to possess cocaine base with intent to distribute, distribution of cocaine base, and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846 and 841(a)(1) and 18 U.S.C. § 2.

On August 9, 1988, Brown and Hawkins moved to strike the term "cocaine base" from the indictment as unconstitutionally vague. The district court rejected that motion. Later, a jury convicted Brown and Hawkins on all counts. Brown and Hawkins filed timely appeals.

## DISCUSSION

Brown and Hawkins contend that both 21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(B)(iii) are unconstitutionally vague because neither these sections (which penalize the trafficking of cocaine base) nor Schedule II (the listing of controlled substances) defines "cocaine base." [1] We disagree.

We review *de novo* a challenge that a statute is unconstitutionally vague. *See United States v. Stansell*, 847 F.2d 609, 612 (9th Cir.1988).

Analysis under the void-for-vagueness doctrine involves examining a penal statute

---

**1.** Brown and Hawkins raise a number of other contentions. These issues have been disposed of in an unpublished memorandum decision which we have also filed today.

under two prongs. First, the statute must " 'define the criminal offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited' " *Id.* at 615 (quoting *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). Second, the statute must " 'establish minimal guidelines to govern law enforcement.' " *Kolender v. Lawson*, 461 U.S. 352, 358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974)).

We reject Brown and Hawkins' vagueness challenge because their challenge fails to satisfy either prong of the vagueness test. On the first prong, the statute, as Brown and Hawkins concede, makes clear that trafficking any form of cocaine will result in punishment. Thus, an ordinary person should understand that trafficking a cocaine related derivative such as "cocaine base" [2] will result in punishment.

On the second prong, the District of Columbia Circuit recently held that the term "cocaine base" does establish sufficient guidelines for law enforcement. *United States v. Brown*, 859 F.2d 974, 975–76 (D.C.Cir.1988). The *Brown* court reasoned that the term "cocaine base" excludes some forms of cocaine (cocaine salts) and therefore performs some limiting function. *Id.*

We adopt the rationale of the *Brown* decision for this circuit. The record in this case supports the *Brown* court's conclusion that the term "cocaine base" does establish minimum guidelines for law enforcement. The government offered expert testimony that the term "cocaine base" excludes cocaine hydrochloride, which is a cocaine salt. This testimony indicates that the term "cocaine base" is not a catch-all term, but instead a term with scientific meaning which (1) establishes sufficient guidelines for law enforcement and (2) does not allow law enforcement to act with unfettered discretion.

Moreover, when a vagueness challenge is not based on First Amendment freedoms, the challenge must be examined in light of the facts of the case at hand. *See United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Thus, Brown and Hawkins cannot establish a constitutional violation by asserting that the law is unclear with respect to those who distribute other, more exotic forms of cocaine; instead, they must demonstrate the statutes are vague in their case. We conclude that they failed to make such a showing. We have no doubt that whatever else the statutes may encompass, they include the cocaine base which the jury convicted Brown and Hawkins of possessing and distributing.

### CONCLUSION

For the reasons set forth in this opinion and the accompanying unpublished memorandum disposition, we affirm Brown's and Hawkins' convictions.

AFFIRMED.

---

**2.** The term "cocaine base" is cocaine that contains an active hydroxylion. As such, it is distinguished from cocaine salts. The term cocaine base encompasses "crack."