951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas R. TAMEZ, Defendant-Appellant.
 Nos. 90-10515, 90-10516.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Dec. 20, 1991.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Thomas Tamez was indicted and pleaded guilty in two separate criminal cases, consolidated for appeal. In CR No. S-89-263-RAR, Tamez pleaded guilty to conspiracy for money laundering. In CR No. S-89-264-MLS, Tamez pleaded guilty to two counts of the unlawful use of a communication facility to facilitate a conspiracy to possess with the intent to distribute cocaine. In his plea, Tamez reserved the right to appeal the judgment of the district court based on the denial of several motions made by Tamez prior to the entry of his pleas.
 
 
 3
 The indictment in CR No. S-89-263-RAR charged Tamez with conspiracy in violation of 18 U.S.C. § 371. The indictment states that the conspiracy was to commit three crimes: money laundering in violation of 18 U.S.C. § 1956(a), structuring financial transactions to avoid reporting requirements in violation of 31 U.S.C. §§ 5322 and 5324, and traveling in interstate commerce to carry on an unlawful activity in violation of 18 U.S.C. § 1952(a)(3). Tamez argues that the term "structuring" as used in 31 U.S.C. § 5324 was unconstitutionally vague because the regulatory definition of "structuring" at 31 C.F.R. § 103.11(n) was not effective until February 22, 1989, which Tamez claims is after the offense charged.
 
 
 4
 Assuming that Tamez has standing to challenge the structuring statute, nevertheless his vagueness argument must fail because of our decision in United States v. Hoyland, 914 F.2d 1130 (9th Cir.1990). We review de novo the constitutionality of a statute. United States v. Van Hawkins, 899 F.2d 852, 853 (9th Cir.1990). The challenged statute provides:
 
 
 5
 No person shall for the purpose of evading the reporting requirements of section 5313(a) with respect to such transaction--
 
 
 6
 (1) cause or attempt to cause a domestic financial institution to fail to file a report required under section 5313(a);
 
 
 7
 (2) cause or attempt to cause a domestic financial institution to file a report required under section 5313(a) that contains a material omission or misstatement of fact; or
 
 
 8
 (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.
 
 
 9
 31 U.S.C. § 5324. This court has already decided that the statute is not unconstitutionally vague, because the statute gives sufficient notice of the conduct prohibited. Hoyland, 914 F.2d at 1130.
 
 
 10
 Next, Tamez argues that the district court was required to grant him access to a transcript of the grand jury proceedings in CR No. S-89-264-MLS (the cocaine conspiracy), or else dismiss the case. Tamez argues that the evidence before the grand jury could not have been sufficient for the indictment for cocaine conspiracy, and the prosecutor must have either given the grand jury erroneous advice regarding the applicable law or failed to provide it with exculpatory evidence. This court reviews the denial of a motion to disclose grand jury transcripts for abuse of discretion. United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986). Tamez did not establish a particularized need for the grand jury transcript as required by Dennis v. United States, 384 U.S. 855, 870, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). He instead made speculative assertions that do not establish a particularized need. United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir.1980), cert. denied, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 368 (1981).
 
 
 11
 Tamez also argues that the cocaine conspiracy indictment should have been dismissed for failure to specify the time, acts, and location of the alleged conspiracy. We review de novo. United States v. Schmidt, No. 90-10473, 1991 WL 204444, at * 6 (9th Cir. Oct. 15, 1991). The indictment states that the conspiracy occurred between September 16, 1988, and June 10, 1989, in the Eastern, Central, and Southern Districts of California, and elsewhere, and that the conduct was an intentional conspiracy to possess with intent to distribute multiple kilograms of cocaine. That is an adequate specification of time, acts, and location. United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir.1981), cert. denied, 455 U.S. 939, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982); United States v. Lane, 765 F.2d 1376, 1380 (9th Cir.1985).
 
 
 12
 Finally, Tamez argues that the cocaine conspiracy indictment should have been dismissed for outrageous government conduct. The defendants initiated the transaction and supplied the distribution network. The government clearly did not manufacture the crime or engineer the enterprise from start to finish. United States v. Pemberton, 853 F.2d 730, 735-36 (9th Cir.1988).
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3