968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert BROWN, Defendant-Appellant.
 No. 91-1696.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges; and SPIEGEL, United States District Judge.[1]
 
 
 2
 SPIEGEL, District Judge.
 
 
 3
 This matter arises out of a drug sting operation. The Appellant is appealing his conviction on three counts, including intent to distribute crack cocaine ("crack"). He alleges several errors by the trial court. His counsel has submitted a brief, and he has also submitted a pro se brief. We affirm.
 
 I.
 
 4
 Mr. Brown, the Appellant, met a federal informant, Tony, through a friend. Tony gave Mr. Brown a business card, which indicated that Tony was a purchaser of guns. Tony saw Mr. Brown on the street three days later and offered to sell a gun to Mr. Brown. Mr. Brown left Tony and proceeded to purchase a shot-gun for $30.
 
 
 5
 The next day, Tony told Mr. Brown to call his partner, Secrete, who unbeknowst to Mr. Brown, was also a federal agent. Mr. Brown called Secrete and they arranged a meeting in which Secrete would purchase a shot-gun from Mr. Brown. After several phone calls, the two agreed to meet at a McDonald's parking lot in Detroit, Michigan. At that time, Mr. Brown sold Secrete a shot-gun.
 
 
 6
 Secrete maintained that Mr. Brown brought up the topic of selling Secrete crack at that time; whereas Mr. Brown claims that Agent Secrete first initiated the idea of the sale of crack. In a September 6, 1990 phone call which was taped, Mr. Brown offered to sell crack to Secrete and negotiated a price. On September 10, 1990, Mr. Brown finally agreed to meet with Secrete. At this meeting, Mr. Brown sold Secrete 5.8 grams of crack, and Mr. Brown was arrested.
 
 
 7
 Mr. Brown was brought to trial and the trial court gave the jury the following instruction:
 
 
 8
 The defendant maintains that he was entrapped into committing the offense charged in the indictment. Entrapment is a defense to each of the offenses charged. The government has the burden of proving beyond a reasonable doubt, that the defendant was not entrapped into committing the offenses.
 
 
 9
 Three things are necessary for entrapment: (1) the government gave the defendant the idea to commit the crime; (2) the government also persuaded or talked the defendant into committing the crime; and (3) the defendant was not already willing to commit the crime before the government became involved.
 
 
 10
 On the other hand, it is not entrapment if the defendant was ready and willing to violate the law, and the government merely provided him with a favorable opportunity to do so.
 
 
 11
 In deciding whether the defendant was already willing to commit the crime, you may consider the defendant's actions and background, as well as the kind and degree of any inducement or persuasion by government officers or agents.
 
 
 12
 In an investigation, it is sometimes necessary for those acting on behalf of the government to conceal their identity. For example, it is permissible if a government officer or informer pretends to be someone else and offers, directly or through another, to engage in an unlawful transaction. Offering is not the same as persuading.
 
 
 13
 If you find beyond a reasonable doubt that the defendant was already willing to commit the crimes charged, and merely awaiting a favorable opportunity, then you should find that the defendant was not entrapped.
 
 
 14
 If you have a reasonable doubt whether the defendant was already willing to commit the offense, apart from any inducement or persuasion, then you must find him not guilty.
 
 
 15
 Joint Appendix, at 36. The Defendant's counsel objected to this jury instruction.
 
 
 16
 Mr. Brown was convicted by a jury of violations of 21 U.S.C. § 841(a)(1) (1991), possession with intent to distribute crack; 18 U.S.C. § 922(g)(1), felon in possession of a firearm; and 26 U.S.C. § 5861(d), possession of an unregistered firearm. Subsequently, on May 14, 1991 he was sentenced to 120 months on each of the counts, all to be served concurrently.
 
 II
 
 17
 Appellant Brown first argues that Count Two of the indictment did not state a valid charge under 18 U.S.C. § 922(g)(1). This section of the United States Code forbids certain persons convicted of crimes punishable for more than a year from possessing firearms.
 
 
 18
 In 1988, Mr. Brown was convicted in Michigan state court of Attempted Possession with Intent to Deliver Cocaine. Mr. Brown contends that his 1988 conviction cannot be used as a basis for charging him in August 1990 as a felon under 18 U.S.C. § 922(g)(1), because his civil rights had been restored under Michigan law.
 
 
 19
 This Court has recently considered the very issue that is now before it in United States of America v. Darrin Meredith, No. 91-1386 (6th Cir. May 6, 1992). In Meredith, the Appellant argued that his prior Michigan conviction could not serve as the predicate offense for his conviction as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The Court squarely rejected the Appellant's argument, noting that § 28.422 of the Michigan Code forbade the issuance of a license for a pistol to anyone convicted of a felony for eight years after release from incarceration. Id. at 12. Thus, just as the Meredith court determined that Darrin Meredith could be prosecuted under 18 U.S.C. § 922(g)(1), so too can the government prosecute Mr. Brown. Accordingly, we affirm the district court's determination of this matter.
 
 III
 
 20
 The Appellant next argues that the District Court erred in its jury instruction concerning entrapment.
 
 
 21
 Jury instructions are reviewed in their entirety to determine whether the trial court fairly and adequately submitted the issues and the applicable law to the jury. United States v. Williams, 952 F.2d 1504, 1512 (6th Cir.1991).
 
 
 22
 The trial court instructed the jury about three necessary elements for entrapment. Specifically, the jury instruction stated that
 
 
 23
 [t]hree things are necessary for entrapment: (1) the government gave the defendant the idea to commit the crime; (2) the government also persuaded or talked the defendant into committing the crime; and (3) the defendant was not already willing to commit the crime before the government became involved.
 
 
 24
 The Appellant objects to the instruction on the first element, which he claims is not an element of entrapment.
 
 
 25
 However, the government has the burden to demonstrate that the Defendant was not entrapped. United States v. Nelson, 847 F.2d 285, 287 (6th Cir.1988). We fail to see how the Defendant was prejudiced by the Court instructing the jury about three elements of entrapment, rather than two. If any party has suffered prejudice, it is the government, as the government had to disprove an additional element.
 
 
 26
 Accordingly, we affirm the district court on this issue.
 
 IV
 
 27
 The Appellant next argues that the conduct of the government's agents was so outrageous that due process principles bar prosecution.
 
 
 28
 To warrant dismissal of an indictment, "... the challenged government conduct must violate fundamental fairness and be 'shocking to the universal sense of justice.' " United States v. Barger, 931 F.2d 359, 363 (6th Cir.1991) (citations and quotation omitted).
 
 
 29
 In the matter before the Court, the conduct of the police does not rise to such a level. Mr. Brown initiated numerous conversations with the government agent Secrete, and Mr. Brown is the one on the tape who raised the possibility of selling crack. Accordingly, the district court did not err in denying Mr. Brown's claim of due process violations.
 
 V
 
 30
 Appellant Brown further argues reversal is merited based upon the actions of the government informant. This argument was not raised before the district court. Thus, we refuse to consider this matter, finding no miscarriage of justice. See United States v. Pickett, 941 F.2d 411, 415 (6th Cir.1991).
 
 VI
 
 31
 Finally, the Appellant claims that he is entitled to acquittal because of his claim that he did not know that crack was a controlled substance. The Ninth Circuit has recognized that "... an ordinary person should understand that trafficking a cocaine related derivative such as 'cocaine base' will result in punishment." United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir.1990) (footnote omitted). Especially, given that Mr. Brown had been convicted of a cocaine-related offense in 1988, no substantive evidence exists that he did not know that dealing in crack was illegal. Therefore, no reversal is merited on this issue.
 
 VII
 
 32
 Accordingly, the district court's decision is affirmed.
 
 
 
 [1]
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio sitting by designation