990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert PARKER, a/k/a Michael Atkins; Tony Biddles; Richard
L. Johnson, Defendants-Appellants.
 Nos. 92-30144, 92-30150 and 92-30173.
 United States Court of Appeals, Ninth Circuit.
 April 19, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Parker, Richard Johnson and Tony Biddles appeal their sentences following guilty pleas for possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a) and 841(b)(1)(B), and cocaine base, §§ 841(a) and 841(b)(1)(A). Johnson's attorney has filed an Anders brief. We vacate and remand Biddles' sentence for resentencing. We affirm the sentences of Parker and Johnson and grant counsel's motion to withdraw in the Johnson case.
 
 1. Enhancement for Firearm Possession
 
 3
 Parker and Biddles argue that the court erroneously adjusted their sentences upward two levels for firearm possession. We review for clear error a district court's conclusion that a defendant possessed a firearm during the commission of an offense. United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989).
 
 
 4
 a. Biddles
 
 
 5
 Under the Sentencing Guidelines, a court may enhance a sentence for firearm possession during a narcotics offense. The enhancement may be based on actual possession of the gun, U.S.S.G. § 2D1.1(b)(1), or constructive possession, where the defendant should have reasonably foreseen that a codefendant had a gun, U.S.S.G. § 1B1.3.
 
 
 6
 If a defendant alleges that a presentence report or its summary contains factual inaccuracies, the sentencing court must comply with Fed.R.Crim.P. 32(c)(3)(D). It must make either a "finding as to the accuracy of the challenged factual proposition or ... indicate that the court is not taking it into consideration." United States v. Garfield, No. 92-35233, slip op. at 2076 (9th Cir. March 8, 1993). The court must append its finding to the presentence report. "Strict compliance ... is required ... and this court must vacate the sentence and remand for resentencing" if the court fails to make the finding. Id.
 
 
 7
 Biddles objected to the report's recommendation for the firearm enhancement. He maintained that he neither knew about nor possessed the firearm. The presentence report included no evidence that he knew about or used the firearm. It had no evidence that he lived in the Spanaway house.
 
 
 8
 The court simply adopted the report's recommendation and failed to resolve Biddles' factual challenges. It made no findings regarding his knowledge of the gun. Nor did it indicate that it relied on the disputed facts. There was no implicit finding of reasonable foreseeability or actual possession in the court's decision. See United States v. Willis, 899 F.2d 873, 875 (9th Cir.1990). We remand Biddles' sentence for compliance with Rule 32(c)(3)(D).
 
 
 9
 b. Parker
 
 
 10
 Parker contends that the court unjustly figured the firearm into his offense level calculation and deprived him of the benefits of his plea bargain. He also contends that the court should not have enhanced his base offense level by two points for firearm possession because he had no prior knowledge of the gun's existence. Both arguments are meritless.
 
 
 11
 A sentencing judge may use dismissed counts to determine a defendant's offense level. United States v. Flores-Payon, 942 F.2d 556, 561-62 (9th Cir.1991) (dismissal of firearm possession charge no bar to its inclusion as specific offense characteristic in calculating defendant's sentence); see United States v. Fine, 975 F.2d 596 (9th Cir.1992) (en banc) (upholding upward departure on basis of dismissed counts where offenses groupable).
 
 
 12
 The Guidelines' section on plea agreements was amended to clarify that "the dismissal of a charge or a plea agreement not to pursue a potential charge" does not preclude the use of the relevant conduct underlying the charge. U.S.S.G. § 6B1.2(a), p.s. (Nov. 1992). Although, this amendment was added after the defendants were sentenced, it clarifies the existing Guidelines and may be used by this court. Id. at comment. " 'To the extent [an] amendment can be read to clarify, rather than alter, the prior guideline, [this court] may give it substantial weight in determining the meaning of the [earlier] guideline.' " United States v. Brito-Acosta, 963 F.2d 1284, 1285 (9th Cir.1992) (citation omitted).
 
 
 13
 Parker failed to object to the presentence report's conclusion that he possessed a weapon. Failure to object to a presentence report waives a right to appeal. United States v. Visman, 919 F.2d 1390, 1394 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991). We have also held that "alleged sentencing errors will be reviewed for plain error when the defendant fails to object." United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992). Plain error is a highly prejudicial error affecting one's substantial rights. United States v. Morris, 827 F.2d 1348, 1350 (9th Cir.1987), cert. denied, 484 U.S. 1017 (1988). There was no plain error here.
 
 
 14
 Upward adjustment for a firearm applies if the defendant knew about and possessed the gun during the charged offense unless it is "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n. 3). A defendant also may be sentenced based on another's conduct done in furtherance of the executions of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." U.S.S.G. § 1B1.3, comment. (n. 1) (Nov. 1990); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).[1]
 
 
 15
 Possession of a firearm during the commission of an offense by itself renders enhancement appropriate. United States v. Restrepo, 884 F.2d at 1296. But see United States v. Kelso, 942 F.2d 680 (9th Cir.1991). This court has enlarged the geographical scope of "possession." See, e.g. United States v. Heldberg, 907 F.2d 91, 93-94 (9th Cir.1990) (revolver in locked briefcase in car trunk supported enhancement because near to drugs found on driver).
 
 
 16
 Based on the Guidelines, the quantity of drugs found in the house, and the fact that the loaded firearm was partially concealed under the sofa where Parker slept, a court could reasonably infer that Parker had actual knowledge of the gun. See United States v. Willis, 899 F.2d at 874 (sentence enhanced because coconspirator possessed gun). He also should have known that Johnson had a gun. Parker had the gun in connection with a jointly undertaken criminal activity. The firearm was found near large quantities of drugs. He has not shown that the firearm's connection with the offense was improbable. We uphold Parker's firearm enhancement.
 
 2. Quantity of Narcotics and Offense Level
 
 17
 Parker argues that he pleaded guilty only to a minimum of 50 grams of cocaine base and 500 grams of cocaine even though the court sentenced him for a larger amount. Parker was charged with and pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine. The application of the sentencing guidelines is reviewed de novo, and factual findings are reviewed for clear error. United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991).
 
 
 18
 The presentence report correctly calculated the amount of cocaine possessed by Parker by converting every 100 grams of cocaine base to 1 gram of cocaine. See U.S.S.G. § 2D1.1, comment. (no. 10, Drug Equivalency Tables); United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir.1991) (per curiam) (justifying 100 to 1 ratio). After conversion, the total amount, 154.710 kg of cocaine, falls within a 38-point offense level under U.S.S.G. § 2D1.1. The court increased the offense level two points for firearm possession and decreased it two points for acceptance of responsibility. We affirm the computation and sentence.
 
 3. Void for Vagueness Argument
 
 19
 Parker challenges § 841(b) as unconstitutionally vague because its penalty provisions do not meaningfully distinguish between cocaine base and cocaine. This court reviews de novo such a challenge. United States v. Van Hawkins, 899 F.2d 852, 853 (9th Cir.1990).
 
 
 20
 A statute must satisfy two requirements to survive a void-for-vagueness challenge. Id. at 854. First, it must define the criminal offense adequately so that the public understands the prohibited conduct. Second, it must "establish minimal guidelines to govern law enforcement." Id. (citation omitted). If a statutory challenge does not implicate the First Amendment, the defendant must establish that the statute is vague as applied to his case. United States v. Mazurie, 419 U.S. 544, 550 (1975).
 
 
 21
 Although § 841 does not explicitly define "cocaine base," it "is not a catch-all term, but instead a term with scientific meaning which (1) establishes sufficient guidelines for law enforcement and (2) does not allow law enforcement to act with unfettered discretion." Van Hawkins, 899 F.2d at 854. We have distinguished cocaine base from cocaine "based on its different functions and effects," United States v. Shaw, 936 F.2d 412, 416 (9th Cir.1991). We held that § 841(b) was not unconstitutionally vague. Id.
 
 
 22
 Parker's challenges do not implicate any First Amendment freedoms, and he has not shown that the statute is vague as applied to him. Clearly, he converted cocaine into cocaine base and knew their different qualities. His argument fails.
 
 4. Equal Protection Violation
 
 23
 We reject the argument that § 841(b)'s distinction between cocaine base and powder for sentencing purposes violates his Equal Protection rights. We decided the same issue in United States v. Harding, 971 F.2d 410 (9th Cir.1992), cert. denied, 113 S.Ct. 1025 (1993).
 
 5. Anders Brief filed by Johnson's Attorney
 
 24
 Johnson's appellate counsel has moved to withdraw, after submitting a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Under Anders, appellate counsel who concludes, after a conscientious review of the record, that the appeal is wholly without merit must so advise the court and ask leave to withdraw. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. at 739. Before acting on the motion to withdraw, we examine the record to determine whether the attorney's examination of it is sound. See Penson v. Ohio, 488 U.S. 75, 82-83 (1988).
 
 
 25
 Counsel's brief raises the issue he believed Johnson wished to raise: the Guidelines may have been misapplied in calculating Johnson's sentence. The court had properly calculated the base offense level at 40 allowing a four-point increase from 38 for firearm possession and a prior conviction and a two-point decrease for acceptance of responsibility. Johnson did not oppose the presentence report or object at his sentencing hearing.
 
 
 26
 Our independent review of the record convinces us that this appeal is meritless. We grant counsel's motion to withdraw and affirm Johnson's sentence.
 
 
 27
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The defendant need not be convicted of a conspiracy as long as the criminal activity was "undertaken in concert with others." U.S.S.G. § 1B1.3, comment. (n. 1)