995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eules THOMPSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55390.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided May 28, 1993.
 
 Before CHOY, GOODWIN and SKOPIL, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 Eules Thompson appeals pro se the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2255 (1988). Thompson pleaded guilty to a violation of 21 U.S.C. § 841(a)(1) (1988) and did not appeal his conviction or sentence.
 
 
 3
 Thompson contends that 21 U.S.C. § 841(b) and U.S.S.G. § 2D1.1 (1989) violate equal protection by providing higher sentences for dealers of cocaine base than for dealers of cocaine, violate the Eighth Amendment prohibition against cruel and unusual punishment, and are unconstitutionally vague because they fail to properly identify the properties of cocaine base. The range of claims that may be raised in a section 2255 motion is narrow. United States v. Addonizio, 442 U.S. 178, 184 (1979). If a criminal defendant could have raised a claim of error on direct appeal but failed to do so, the defendant must demonstrate cause excusing his procedural default and actual prejudice resulting from the claim of error. United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (citing United States v. Frady, 456 U.S. 152, 168 (1982)); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985).
 
 
 4
 Thompson did not file a direct appeal and he has not made any showing of cause for this procedural default. Furthermore, he cannot show actual prejudice because his claims lack merit. We have previously rejected his arguments. See United States v. Harding, 971 F.2d 410, 412-14 (9th Cir.1992) (distinction between cocaine base and powder cocaine does not violate equal protection), cert. denied, 113 S.Ct. 1025 (1993); United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir.1991) (per curiam) (distinction between cocaine base and cocaine does not violate the Eighth Amendment); United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir.1990) ("cocaine base" is not unconstitutionally vague); see also United States v. Shaw, 936 F.2d 412, 413-16 (9th Cir.1991) ("cocaine base" does not mean cocaine that contains a hydroxylion). Accordingly, we affirm the denial of habeas relief.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3