UNITED STATES of America,
Plaintiff–Appellee,

v.

William J. CALISE, Defendant–Appellant.

No. 92–10547.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1993.

Decided June 25, 1993.

Richard T. Pafundi, Honolulu, HI, for defendant-appellant.

J. Michael Seabright, Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellee.

Before: GOODWIN, TANG and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

William J. Calise was convicted of the knowing possession of an unregistered shotgun with a barrel less than 18 inches in length in violation of 26 U.S.C. § 5861(d); with the knowing transportation and delivery in interstate commerce of an unregistered shotgun with a barrel less than 18 inches in length in violation of 26 U.S.C. § 5861(j); and knowingly making a shotgun with a barrel less than 18 inches in length in violation of 26 U.S.C. § 5861(f). The district court sentenced Calise to three years of imprisonment. Challenging the sufficiency of the evidence against him and various rulings of the trial court, notably on his *Henthorn* rights, his right to silence, and the measurement of the gun, Calise appeals. We affirm his conviction and sentence.

## FACTS

Viewed from the perspective most favorable to the government, the following facts were established:

On December 21, 1990 Calise, a federally registered arms dealer, shipped personal property, including four firearms and a hacksaw, from Honolulu to Las Vegas via United Air Lines. Calise put the property in a cargo container and personally sealed the container. United flew the container to Los Angeles, from where it was trucked to Las Vegas, arriving December 27, 1990.

The shipment was "cash collect." When Calise did not pay, United on March 15, 1991 opened the container. Its employees cut the seals and inventoried the items. Noticing a Mossberg shotgun, which looked "too short," one employee notified the Bureau of Alcohol, Tobacco and Firearms (ATF).

ATF Agent Kenneth Whiteley telephoned Calise and asked him what guns he had shipped. He replied that he had shipped a .38 caliber handgun, an African Sentinel Shotgun, a Colt Automatic Rifle "and another shotgun."

The Mossberg shotgun had a barrel measuring 15½ inches long. It had been sawed off with the hacksaw shipped with the guns. No application had been filed with the ATF to make such a gun or to register it. Calise was indicted for making, possessing, and transporting it.

### PROCEEDINGS

Following Calise's indictment, he moved under *United States v. Henthorn*, 931 F.2d 29 (9th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1588, 118 L.Ed.2d 306 (1992), for "personnel records for impeachment of government witnesses." The government submitted these records to the court *in camera*. The court ruled that there was no proper basis to release the material and filed its reasoned order, also under seal, so that the court of appeals could review its actions.

At the trial Agent Whiteley testified that when he telephoned Calise, Calise was argumentative and did not want to come in for an interview; "he just didn't seem to want to talk about any of it." Calise moved for a mistrial after his testimony, and the court denied the motion.

Whiteley also testified that Calise came to the office and was advised of his *Miranda* rights. Calise refused to sign the form waiving his rights but agreed to talk: "He said he was willing to talk but he did not want to sign this because he did not know what questions we were going to ask him." No objection was made to this testimony.

Calise himself took the witness stand and denied that he possessed, transported or made the illegal shotgun or that he owned a hacksaw.

The court instructed the jury that "the length of the barrel of a shotgun is determined by measuring the distance between the open end of the barrel and the face breech when closed and when the shotgun is cocked." Calise objected to this instruction, arguing that the jury should determine how to measure the length.

The jury returned the verdict of guilty on all counts. The trial court enhanced Calise's sentence for obstruction of justice because of his perjury at trial.

Calise appeals.

### ANALYSIS

■ 1. *Sufficiency of the evidence.* The evidence has already been summarized. It demonstrates that a reasonable jury could have found the essential elements of the offense under the counts of the indictment. The jury did not need to believe Calise's denials.

■ 2. *The personnel records.* In *United States v. Henthorn*, 931 F.2d at 31, we held that the government has a duty to produce personnel files requested by the defense if the information in the files is material to the defense. One personnel record, submitted by the government and inspected *in camera* by the court, showed that one ATF agent had, in a previous case, been characterized by a federal magistrate as giving testimony that was "absolutely incredible." The testimony had been an essential part of an ATF prosecution. The government in the present case obtained from the magistrate a written statement undermining his earlier conclusion: "That phrase ['absolutely incredible'] was not what I intended and not what I meant, and I was wrong to use any such terminology." Nonetheless, the agent's trial testimony in this case might have been differently regarded by the jury if the defense had been able to bring out what was in his file. It was error to deny the defense access.

■ We must then ask whether the error was harmless. The prosecution has the burden of showing beyond a reasonable doubt that the error did not contribute to the jury verdict. *Arizona v. Fulminante*, 499 U.S. 279, —, 111 S.Ct. 1246, 1260, 113 L.Ed.2d 302 (1991); *Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705 (1967).

■ The agent in question received the shotgun and hacksaw in Honolulu when they

were mailed there by the ATF office in Las Vegas. Gun and hacksaw were then transmitted by this agent to the ATF laboratory in Rockville, Maryland, where the marks of the hacksaw on the gun were noted. If this agent had had the opportunity to turn the shotgun into an illegal size before it was measured by the ATF, his veracity would have been relevant and so his personnel records would have been relevant to the defense. However, the gun was measured in Las Vegas and was determined to be illegally short before it was sent to him. He consequently could not have changed it to an illegal size. His testimony merely established that the gun and hacksaw passed through his hands. Any doubt cast on his credibility would not have affected the verdict. The error in keeping secret his personnel file was harmless beyond a reasonable doubt.

■ 3. *The right to silence.* On appeal Calise presses the point made in his motion for mistrial that it was error to permit testimony about his reluctance to speak with Agent Whiteley over the telephone. Calise was not in custody so *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not apply. The evidence was offered in the prosecution's case-in-chief, so *Brecht v. Abrahamson,* — U.S. —, —, 113 S.Ct. 1710, 1716–17, 123 L.Ed.2d 353 (April 21, 1993), does not apply. Although it is permissible for the prosecution to comment on a defendant's pre-arrest silence for impeachment purposes, *see id.* at —, 113 S.Ct. at 1716, *citing Jenkins v. Anderson,* 447 U.S. 231, 239, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86 (1980), the use of noncustodial silence to prove a case-in-chief has not been passed on by this circuit. Other circuits have divided. *Compare United States v. Rivera,* 944 F.2d 1563, 1568 (11th Cir.1991) (pre-custodial silence admissible); *with Coppola v. Powell,* 878 F.2d 1562, 1568 (1st Cir.), *cert. denied,* 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 383 (1989); *United States v. Caro,* 637 F.2d 869, 876 (2d Cir.1981); *United States ex rel. Savory v. Lane,* 832 F.2d 1011, 1018 (7th Cir.1987); *United States v. Burson,* 952 F.2d 1196, 1200–01 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1702, 118 L.Ed.2d 411 (1992).

■ We need not decide the issue here because the trial court instructed the jury that "Calise had every right not to speak with this agent or any other agent and no negative inference can be taken by you against him if in fact you find that he did not wish to speak to him."

■ As to Calise's objection to the testimony about his refusal to sign the *Miranda* waiver, there was no objection at trial nor was the admission of this testimony plain error. The prosecution was obligated to show that the ATF read Calise his rights and that Calise waived those rights as a foundation for the admission of the interrogation. *United States v. Smith,* 638 F.2d 131, 133 (9th Cir.1981). Calise orally agreed to speak to the agents and therefore explicitly waived his rights. Signing of the form was not essential for waiver to occur. *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979).

■ 4. *The measurement of the shotgun.* The court took the law on the measurement of the shotgun from the definition of "firearms" provided by 22 C.F.R. § 179.11. The court "correctly defined barrel length and left the factual determination of the length of the shotgun barrel in question to the jury." *United States v. Griffin,* 705 F.2d 434, 436 (11th Cir.1983).

■ 5. *The enhancement for obstruction of justice.* Perjury by a defendant during his trial is an obstruction of justice. It need not be established by a separate trial. *United States v. Dunnigan,* — U.S. —, —, 113 S.Ct. 1111, 1118, 122 L.Ed.2d 445 (1993). A defendant has the right to testify truthfully. His constitutional right is not a license to lie on the witness stand. *Id.* at —, 113 S.Ct. at 1117. The district court could properly conclude from the evidence heard in this trial that Calise perjured himself by his denials and so obstructed the justice the government sought.

**AFFIRMED.**