33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan AREVALO, Defendant-Appellant.
 No. 93-30161.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 10, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. Quoting from United States v. Stewart, 779 F.2d 538 (9th Cir.1985), Instruction 13 informed the jury it could convict Arevalo if "the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others." Id. at 540; ER 36. The second paragraph of the instruction explicitly related this language to defendant's drug trafficking crime. Contrary to Arevalo's assertion, the instruction adequately explained the required nexus between the drug trafficking offense in Count Two and the use of the firearm.
 
 
 3
 2. Even if the evidence of prior gun use should have been excluded under Fed.R.Evid. 404(b), Arevalo has not demonstrated that the evidence materially affected the jury's verdict. The jury heard testimony that guns and drugs were found in defendant's home, TR I (10/5/92) at 33, 40, that defendant sold drugs there, TR II (10/5/92) at 97-99, and that drug traffickers often use guns for protection or intimidation, TR I (10/5/92) at 38. In addition, a dog trained to detect narcotics alerted strongly to the smell of drugs on one of the guns found in Arevalo's bedroom, id. at 157, 161, suggesting that defendant handled the guns in connection with his drug trafficking activities. We find no prejudice and thus no plain error here.
 
 
 4
 3. Though it is well settled that the prosecution may not elicit evidence of a defendant's post-arrest silence during its case-in-chief, see United States v. Newman, 943 F.2d 1155, 1157 (9th Cir.1991), it's unclear whether the same rule applies to evidence of pre-arrest silence. See United States v. Calise, 996 F.2d 1019, 1022 (9th Cir.1993). In any event, the district court gave an adequate curative instruction, advising the jury to disregard the allegedly inappropriate comment and striking it from the record. See TR I (10/5/92) at 104-05. There was no error.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3