62 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dion David WILSON, Defendant-Appellant.
 No. 95-30032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dion David Wilson appeals his sentence of thirty-seven months imposed following a guilty plea to unlawful possession of a shotgun and a pistol by a convicted felon in violation of 18 U.S.C. Sec. 922(g). Wilson contends that 26 U.S.C. Sec. 5845(a) is unconstitutionally vague as applied to him. Wilson also contends that the district court committed clear error by finding that the barrel of his shotgun was shorter than eighteen inches. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the constitutionality of a statute. See United States v. Davis, 36 F.3d 1424, 1434 (9th Cir. 1994), cert. denied, 115 S. Ct. 1147 (1995). A statute is unconstitutionally vague if it "(1) does not define the conduct it prohibits with sufficient definitiveness and (2) does not establish minimal guidelines to govern law enforcement." Id. Further, if the challenged statute does not implicate any First Amendment rights, the defendant must show that the statute is vague as applied to him. Davis, 36 F.3d at 1434; see also United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir. 1990) (defendant failed to show that statute penalizing trafficking of cocaine base was vague as applied to him because statute included form of cocaine he was convicted of distributing).
 
 
 4
 Wilson's base offense level was calculated under U.S.S.G. Sec. 2K2.1(a)(4)(B), which applies to a defendant whose offense involved a firearm listed in 26 U.S.C. Sec. 5845(a).[1] Wilson argues that 26 U.S.C. Sec. 5845(a) failed to provide adequate guidelines for measuring a shotgun barrel, as evidenced by the fact that law enforcement officers reached three different measurements as to the length of his shotgun barrel. However, 27 C.F.R. Sec. 179.11 provides some guidelines for measuring the length of a shotgun barrel. See 27 C.F.R. Sec. 179.11 (defining "firearm"); see also United States v. Calise, 996 F.2d 1019, 1022 (9th Cir. 1993) (approving 27 C.F.R. Sec. 179.11 measurement of the length of a shotgun barrel in context of proving a violation of 26 U.S.C. Sec. 5861), cert. denied, 114 S. Ct. 895 (1994). Moreover, 26 U.S.C. Sec. 5845(a) clearly encompasses Wilson's shotgun because all three measurements indicated that the barrel was shorter than eighteen inches. See Van Hawkins, 899 F.2d at 854. Thus, Wilson fails to show that 26 U.S.C. Sec. 5845(a) was vague as applied to him. See Davis, 36 F.3d at 1434.
 
 
 5
 The district court's finding that Wilson's illegal sawed-off shotgun was less than eighteen inches in length was not clearly erroneous since it was undisputed that the barrel was shorter than eighteen inches according to all three measurements. See United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir. 1994) (district court's factual findings in sentencing phase are reviewed for clear error).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 A firearm includes "a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length." 26 U.S.C. Sec. 5845(a)(2)