69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antoine Dewayne PERSLEY, Defendant-Appellant.
 No. 94-56089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antoine Dewayne Persley, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Persley contends that: (1) the government failed to prove the existence of cocaine base, (2) the district court erred by refusing to grant a downward adjustment for acceptance of responsibility, and (3) that he received ineffective assistance of counsel when counsel failed to raise these issues on direct appeal.[1] We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review de novo the denial of a Sec. 2255 motion. United States v. Sanchez, 50 F.3d 1448, 1451-52 (9th Cir.1995). We review for clear error the district court's findings of fact. Id. The district court's application of the Sentencing Guidelines are reviewed de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994).
 
 
 4
 Persley contends that the district court erred by concluding that "the government clearly met its burden of proving the existence of cocaine base" at trial. Persley argues that the cocaine at issue in this case was a white powdery material which did not contain any traces of sodium bicarbonate, unlike the cocaine base described in the 1993 version of U.S.S.G. Sec. 2D1.1(c) as a lumpy, rocklike substance. This contention lacks merit.
 
 
 5
 The term "cocaine base" includes the terms "rock cocaine" and "crack" and is reasonably understood to mean "cocaine that can be smoked, unlike cocaine hydrochloride." See United States v. Shaw, 936 F.2d 412, 416 (9th Cir.1991). Cocaine base excludes cocaine hydrochloride, which is a cocaine salt. United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir.1990).
 
 
 6
 At trial, two government witnesses identified the controlled substance at issue as cocaine base and distinguished cocaine base from cocaine hydrochloride. A Drug Enforcement Agency (DEA) chemist testified that the substance was 46% pure cocaine base and that cocaine base was generally inhaled by burning the substance. A DEA case agent also positively identified the substance as "rock" cocaine, indicating that the cocaine base in this case was crack cocaine as opposed to cocaine hydrochloride.
 
 
 7
 Persley mistakenly concludes that cocaine base must always appear in a lumpy, rocklike form. The district court properly concluded that Sec. 2D1.1(c) provides that cocaine base usually appears in that form, and thus, may also appear as the powdery substance at issue here. See Buenrostro-Torres, 24 F.3d at 1174. Accordingly, the district court did not clearly err by finding that the government had met its burden in proving the existence of cocaine base. See Sanchez, 50 F.2d at 1451-52.
 
 
 8
 Persley also contends that the district court erred by not granting a downward adjustment for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Whether a defendant has accepted responsibility for his crime is a factual determination reviewed for clear error. United States v. Lindholm, 24 F.3d 1078, 1087 (9th Cir.1994). The determination of the sentencing judge is entitled to great deference on review. Id.
 
 
 9
 A defendant is entitled to a two-level reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1(a). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. Sec. 3E1.1, comment. (n. 2).
 
 
 10
 Here, Persley's assertion that he was denied a reduction because he exercised his right to a trial is meritless. In fact, the record indicates that Persley never affirmatively accepted responsibility for his criminal conduct. At sentencing, Persley made a tactical decision not to accept responsibility in order to preserve his suppression issue for appeal. Accordingly, the district court did not clearly err by refusing to grant a reduction for acceptance of responsibility. See Lindholm, 24 F.3d at 1087.
 
 
 11
 Finally, Persley contends that he was denied effective assistance of counsel because his trial attorney failed to raise the cocaine base and acceptance of responsibility issues on direct appeal. We review de novo whether a defendant received ineffective assistance of counsel. Sanchez, 50 F.3d at 1456. In order to prevail, a defendant must show that (1) his counsel's performance was outside the wide range of professionally competent assistance, and (2) that the defendant was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984).
 
 
 12
 The government met its burden of proving the existence of cocaine base at trial and the district court properly refused to grant a reduction for acceptance of responsibility. Thus, Persley has failed to show that he was prejudiced by his trial attorney's decision not to raise these issues on direct appeal. See Id. at 694.
 
 
 13
 Accordingly, the district court properly denied Persley's Sec. 2255 motion to vacate, set aside or correct his sentence. See Sanchez, 50 F.3d at 1451-52.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Persley also filed a motion to stay the appeal to investigate whether his criminal prosecution was barred by the Double Jeopardy Clause. Persley, however, failed to raise this issue in the district court and we decline to address the issue for the first time on appeal. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). Accordingly, Persley's motion to stay the appeal is denied