70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Darryl MASON, Defendant/Appellant.
 No. 94-50364.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1995.*
Decided Nov. 29, 1995.
 
 1
 Before: Circuit Judges, HUG, LEAVY and District Court Judge, C.A. MUECKE**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Darryl Mason ("Mason") appeals the United States District Court's sentence under the Sentencing Guidelines for his guilty plea conviction to possession with intent to distribute in excess of 50 grams of cocaine base (21 U.S.C. Sec. 841(A)(1)), attempted murder of an ATF agent (18 U.S.C. Sec. 1114), carrying a firearm during a drug trafficking crime (18 U.S.C. Sec. 924(c)), and aiding and abetting (21 U.S.C. Sec. 841(a)(1)). We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 A joint federal task force investigated members of the 87th Street Gangster Crips in Los Angeles, California and Denver, Colorado. Mason was the main supplier of crack cocaine to gang members in the Denver area. With the assistance of a confidential informant negotiating the purchase of narcotics, law enforcement agents executed a federal arrest warrant. During the arrest, a gun battle ensued, wounding both Mason and a law enforcement agent.
 
 
 5
 Contraband recovered included firearms, money and approximately 267 grams of a substance containing a cocaine base. Defendant admitted to supplying cocaine for sale in Denver and admitted to shooting at agents during the gun battle.
 
 
 6
 On July 2, 1991, an indictment was filed in the United States District Court for the Central District of California for the first three offenses. On January 10, 1992, a superseding indictment was filed in the District of Colorado for the fourth offense. After transfer of the Colorado charges to California, on January 28, 1992, Mason pled guilty to these offenses. On June 7, 1994, Mason was sentenced to a period of incarceration of 150 months.
 
 
 7
 The presentence report indicated that the offense of possession with intent to distribute more than 50 grams of a substance containing cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1) called for a mandatory 240 months sentence. The Report concluded that the offense of use of a firearm in relation to drug trafficking crimes, in violation of 18 U.S.C. Sec. 924(c) called for an additional consecutive 60 months sentence. Defendant's Guideline range independent of mandatory minimum sentences was 34. The resulting Guideline sentencing range was 188 to 235 months absent the mandatory minimum of 300 months. The sentence imposed by the district court involved a downward departure from the statutory mandatory minimum sentences.
 
 I.
 
 8
 The district court reached a downward departure determination pursuant to 18 U.S.C. Sec. 3553(e), which allows a downward departure upon a motion of the government where a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.
 
 
 9
 The Presentence Report indicated a mandatory statutory minimum of 300 months for defendant's offenses. Absent these mandatory minimums, the Report calculated a Guideline sentencing range of 188 to 235 months. On June 3, 1994, the government filed a motion pursuant to 18 U.S.C. Sec. 3553(e), recommending a downward departure from the mandatory minimum of 300 months based upon defendant's substantial assistance to the government in the prosecution of numerous other defendants in Denver, Colorado. At the sentencing, defense counsel argued that the Guideline sentencing range should be 151 to 188 months.
 
 II.
 
 10
 Pursuant to 18 U.S.C. Sec. 3742(a), a defendant may appeal if the sentence:
 
 
 11
 (1) was imposed in violation of law;
 
 
 12
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 
 
 13
 (3) is greater than the sentence specified in the applicable guideline range ...; or
 
 
 14
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 15
 18 U.S.C. Sec. 3742(a) (1988).
 
 
 16
 The extent of the district court's discretionary downward departure is not reviewable on appeal. United States v. Riggins, 40 F.3d 1055, 1058 (9th Cir.1994); United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990). The district court reached a determination to depart downward from the statutory minimum of 300 months and imposed a sentence of 150 months, one month less than the Guideline sentencing range of 151 to 188 months. Therefore, the district court's downward departure is nonappealable.
 
 III.
 
 17
 Mason challenges the constitutionality of the statutory scheme involving 21 U.S.C. Sec. 841(b)(1) and U.S.S.G. Sec. 2D1.1. Mason argues that this statute violates his right to equal protection under the Fourteenth Amendment[1]. Mason contends that the application of the statute makes an irrational distinction between crack and powder cocaine.
 
 
 18
 This court provides a de novo review of the constitutionality challenge. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988); United States v. Savinovich, 845 F.2d 834, 839 (9th Cir.1988). For statutory challenges made on equal protection grounds, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statue is rationally related to a legitimate [government] interest." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440 (1985). The burden falls on the party attempting to disprove the existence of a rational relationship between a statutory classification and a government objective. Vance v. Bradley, 440 U.S. 93, 111 (1979).
 
 
 19
 Mason must show that the distinction between crack and powder cocaine is not debatable. See United States v. Carolene Products Co., 304 U.S. 144, 154 (1938). Mason therefore must show that there exist no legitimate grounds to support the classification. Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 464 (1981).
 
 
 20
 Pursuant to 21 U.S.C. Sec. 841(a), any person with a prior conviction for a felony drug offense violating the statute in a case involving 50 grams or more of a substance which contains "cocaine base" must be sentenced to a term of imprisonment which may not be less than 20 years. The statute provides higher penalties for offenses involving cocaine base than for offenses involving similar amounts of powder cocaine. United States v. Harding, 971 F.2d 410, 412 (9th Cir.1992), cert. den. --- U.S. ----, 113 S.Ct. 1025 (1993).
 
 
 21
 We have upheld the constitutionality of this statutory scheme. United States v. Harding, 971 F.2d at 413. We have held that the distinction between crack and powder cocaine is neither arbitrary nor irrational. See United States v. Shaw, 936 F.2d 412, 416 (9th Cir.1991); United States v. Van Hawkins, 899 F.2d 852, 854 (9th Cir.1990). Indeed, every federal court of appeals has rejected the equal protection challenge to the sentencing provisions of Sec. 841(b)(1). United States v. Lawrence, 951 F.2d 751, 755 (7th Cir.1991); United States v. House, 939 F.2d 659, 664 (8th Cir.1991); United States v. Avant, 907 F.2d 623, 627 (6th Cir.1990); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990); United States v. Cyrus, 890 F.2d 1245, 1248-49 (D.C.Cir.1989); United States v. Solomon, 848 F.2d 156, 157 (11th Cir.1988).
 
 
 22
 Mason argues that this court should reconsider based on United States v. Davis, 864 F.Supp. 1303, 1306 (N.D.Ga.1994). In Davis, the Georgia district court found that there is no rational basis for the distinction between cocaine base and cocaine because each form of cocaine is smokeable and dangerous. The Davis court relied on medical and scientific expert testimony to conclude that the terms "cocaine base" and "cocaine" are scientifically synonymous.
 
 
 23
 We are not persuaded by this argument and find that the reliance on U.S. v. Davis is misplaced. There is no basis for reaching a different conclusion in this circuit under the equal protection argument than has already been reached. The congressional record establishes that Congress decided to punish the sale of crack more severely than the sale of powder cocaine based on reasons such as the physiological and psychological effects, the manner of ingestion and the manner in which they are sold[1]. Congress also considered the dangers of crack to be reaching epidemic proportions. Therefore, the distinction has a rational basis and is designed to achieve a legitimate purpose.
 
 
 24
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Mason may have invoked the Fourteenth Amendment, we review his equal protection argument under the Fifth Amendment
 
 
 [1]
 For a more thorough discussion of the congressional record, see U.S. v. Harding, 971 F.2d at 413-14